The Honorable Marc Barreca
Chapter 13
Hearing Date: October 7, 2010
Hearing Time: 9:30 AM
Hearing Location: US Courthouse, Seattle WA
**Response Due: September 30, 2010**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| IN RE:<br><br>GREGORY W. RISTAU and LOURDES RISTAU,<br><br>Debtor(s). | Case No. 08-16105-MLB<br><br>Chapter: 13<br><br>DEBTOR'S OBJECTION TO SPECIALIZED LOAN SERVICING, LLC, CLAIM NUMBER 2; WITH NOTICE OF HEARING |

Gregory W. Ristau and Lourdes Ristau ("Debtors"), by and through their attorneys, Christina Latta Henry and Seattle Debt Law, LLC, have filed an objection to your claim(s) in his bankruptcy case.

**Your claim(s) may be reduced, modified, or eliminated. You should read these papers carefully and discuss them with your attorney, if you have one.**

PLEASE TAKE NOTICE that Debtors' Motion for Objection to Claim(s) IS SET FOR HEARING as follows:

| | |
|---|---|
| JUDGE: | The Honorable Marc Barreca |
| PLACE: | United States Bankruptcy Court, 700 Stewart Street, Room 7106, Seattle, WA 98101 |
| DATE: | October 7, 2010 |
| TIME: | 9:30 AM |
| **RESPONSE DATE:** | **September 30, 2010** |

DEBTOR'S OBJECTION TO SPECIALIZED LOAN SERVICING, LLC, CLAIM NUMBER 2; WITH NOTICE OF HEARING
(08-16105-MLB) - 1

**SEATTLE DEBT LAW, LLC**
705 SECOND AVE, SUITE 1050
SEATTLE, WASHINGTON 98104
telephone (206) 324-6677
fax (206) 447-0115

**IF YOU OPPOSE THE MOTION**, you must file your written response with the Court Clerk and deliver copies on the undersigned no later than the response date, which is **September 30, 2010.**

If no response is timely filed and served, the Court may, in its discretion, grant the motion prior to the hearing, without further notice, and strike the hearing. Objections not on file and served as set forth may be deemed waived.

DATED this 2nd day of September, 2010.

SEATTLE DEBT LAW, LLC

By: _____*/s/ Christina Latta Henry*_____
Christina Latta Henry, WSBA 31273

OBJECTION TO CLAIM OF SPECIALIZED LOAN SERVICING, LLC,

CLAIM NO. 2

COMES NOW, Gregory W. Ristau and Lourdes Ristau ("Debtors"), by and through their attorneys, Christina Latta Henry and Seattle Debt Law, LLC, and hereby object to the proof of claim pursuant to 11 USC 502(a) filed by Specialized Loan Servicing, LLC ("SLS"), on October 11, 2008 (Claim No. 2). A copy of the Claim is attached hereto as **Exhibit A**. The claim is for money loaned for Debtor's property located at 24211 35th Avenue S., Kent, WA 98032 (the "Property"). The Debtor believes this claim, filed by SLS, should be disallowed in the sum of $230,824.18 with pre-petition arrears of $19,658.97 on the day of filing because SLS has not provided any evidence establishing SLS' authority to act as a creditor, or on behalf of the creditor.

SLS has not furnished evidence establishing its authority to act on behalf of Residential Mortgage Solution, LLC ("Residential"), the alleged owner of the promissory note ("Note"). Rule 3001(b) of the Federal Rules of Bankruptcy Procedure states that "A proof of claim shall be executed by the creditor or the creditor's authorized agent." SLS has not proved that it is the

DEBTOR'S OBJECTION TO SPECIALIZED LOAN
SERVICING, LLC, CLAIM NUMBER 2; WITH NOTICE
OF HEARING
(08-16105-MLB) - 2

**SEATTLE DEBT LAW, LLC**
705 SECOND AVE, SUITE 1050
SEATTLE, WASHINGTON 98104
telephone (206) 324-6677
fax (206) 447-0115

creditor's authorized agent because SLS has failed to attach a power of attorney to its proof of claim, establishing its authority to act on behalf of the creditor. *See Exhibit A*. Moreover, the Proof of Claim is signed by Allysa Gallegos on behalf of Corey M. Robertus, both presumably as employees of Moss Codilis, LLP. *See id.* However, neither signor has established his or her authority to act for SLS or the creditor. Finally, the Deed of Trust used in the Proof of Claim was altered after Debtors signed their copy and before being recorded at the King County Recorder's Office, thus casting doubt on the Note's true owner and the actual creditor. *See Declaration of Gregory W. Ristau and Lourdes Ristau in support of their Objection to Claim Number 2*.

Moreover, Debtor objects to the proof of claim because "Exhibit A: Itemization of Total Debt and Arrearages as of the Time of Filing" includes fees and charges that are spurious and duplicative. *See Exhibit A*. For example, the fee for "Property Inspections and Preservations," in the amount of $51.95, is substantially similar to the "Property Appraisal Costs," in the amount of $100.00; and the claim for "Payment Late Charges," in the amount of $822.48, duplicates the claim for "Accrued Late Charges," in the amount of $925.29. Finally, the claim for "Other Unpaid Fees," in the amount of $135.00, lacks specificity.

Therefore SLS' claim should be disallowed because SLS has not provided adequate documentation establishing its authority to act on behalf of the creditor-in-fact; and because the claim includes charges that are spurious and duplicative.

DATED this 2nd day of September, 2010.

SEATTLE DEBT LAW, LLC


By: */s/ Christina Latta Henry*
Christina Latta Henry, WSBA #31273
Attorneys for Debtor

DEBTOR'S OBJECTION TO SPECIALIZED LOAN SERVICING, LLC, CLAIM NUMBER 2; WITH NOTICE OF HEARING
(08-16105-MLB) - 3

**SEATTLE DEBT LAW, LLC**
705 SECOND AVE, SUITE 1050
SEATTLE, WASHINGTON 98104
telephone (206) 324-6677
fax (206) 447-0115